## WILLIAM NERACHER ET AL. V. SEBASTIAN GEIER ET AL.

MOTION FOR REVIVOR CANNOT BE TREATED AS PETITION.[1]

A motion asking for a conditional order of revivor of judgment cannot be treated as a petition to which an answer and cross-petition may be filed asking for equitable relief.

UPSON, J.

This is a proceeding in error to reverse a judgment of the court of common pleas on an order of the court of common pleas to revive a judgment.

At the September term, 1877, a judgment was rendered in behalf of the defendants in this case against the plaintiffs in error.

A motion was filed to revive that judgment, by A. W. Eckhardt, to whom the judgment had been assigned. The costs had been paid and two hundred dollars on the judgment.

February, 1889, a motion was filed asking for a conditional order of revival, and that it be made absolute on a final hearing. To that motion an answer and cross-petition was filed, setting up, among other things, an agreement of settlement, and a performance of that agreement, and stating that an omission was made, by fraud or mistake, of one payment that is claimed to have been made in this settlement.

The prayer of the answer and cross-petition is. that this agreement be corrected, and that the judgment be declared satisfied.

The court treated this answer and cross-petition as immaterial, and revived the judgment, notwithstanding this cross-petition.

The statute provides that a dormant judgment may be revived in the same manner as prescribed for reviving actions before judgment, or by action.

It is provided also, that actions before judgment may be revived, among other ways, by a conditional order of the court made in term, or they may be revived before a judge in vacation. Under these provisions of the statute, the owner of this judgment had the option either to proceed by a civil action or by procuring a conditional order of revival, and he chose to proceed, or moved the court to proceed by a conditional order of revival, instead of proceeding by action.

This cross-petition was filed in the same manner as an action would have been brought by the filing of a petition; and now while we suppose it was entirely proper to show that the judgment has been paid, either by payment of money or an agreement of settlement, we do not suppose that a cross-petition may be filed in the nature of a petition in equity, and asking for a correction of an agreement.

If the things stated in the petition are true, they ought to have this agreement corrected, but we think it is entirely irregular to treat this motion as a petition, to which an answer and cross-petition may be filed, asking for equitable relief.

The prayer of this cross-petition not only prays for a correction of the agreement, but asks for such other and further relief as the party may be entitled to; and we think for that reason that the party should bring an action to have the agreement corrected, rather than to attempt to do it in this manner, as now attempted. For this reason the action of the court of common pleas will be affirmed, but without prejudice to the parties, and they may proceed in the manner indicated.

*Burton & Dake*, for plaintiff.
*Arnold Green*, for defendant.